FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2006 MAR 15  PM 4: 04

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK _____
SO. DIST. OF GA.

AUGUSTA DIVISION

MILTON MILLER MATHIS,                )
                                      )
            Plaintiff,                )
                                      )
    vs.                               )        CV 106-017
                                      )
TWO STATE CONSTRUCTION CO.,           )
MIKE TYLER, SARAH GARTRELL,           )
FARMERS & MERCHANTS BANK,             )
LINDA SHELDON, and SHAW, INC.,        )
                                      )
            Defendants.               )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Montgomery State Prison, in Mount Vernon, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's complaint and prior history of case filings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I.  **DISCUSSION**

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

In no event shall a prisoner bring a civil action or appeal a judgment

in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, Compl. form, pp. 1-3). In response to these questions, Plaintiff averred that he has never before brought a lawsuit in federal court and that this is his "first time in court."[2]  (Id. at 2).

However, the Court is aware of at least one federal lawsuit in which Plaintiff actively

---

[1]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

[2]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2).

2

participated as a co-plaintiff. See <u>Mathis, et al. v. Wetherington</u>, CV 101-3008 (N.D. Ga. Nov. 7, 2001).[3]  Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In <u>Rivera</u>, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731 (citations omitted).[4]

In any event, it should also be noted that the Court may also dismiss any IFP complaint which is frivolous or fails to state a claim upon which may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Such is the case here. Petitioner alleges that in May 1999, prior to his incarceration, Defendants cheated him out of his paycheck. (Doc. no. 1, p. 5). Plaintiff makes no allegation that Defendants acted under color of state law or that his claim presents any matter of constitutional magnitude. Regardless, any § 1983 claim is also clearly

---

[3]In fact, Plaintiff's claims in that case were dismissed based upon his failure to exhaust administrative remedies. See <u>Mathis, et al. v. Wetherington</u>, CV 101-3008, doc. no. 99, pp. 5-7 (N.D. Ga. Mar. 27, 2003). In this Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." <u>Rivera</u>, 144 F.3d at 731. Thus, Plaintiff failed to disclose the existence of a "strike-worthy" dismissal. <u>Id.</u>

[4]The practice of dismissing a case as a sanction for providing false information about a prior filing history has been previously utilized in the Southern District. See <u>Shaw v. Smith</u>, CV 603-066 (S.D. Ga. May 30, 2003).

3

barred by the applicable two-year statute of limitations. See Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987) (citing Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986)); see also O.C.G.A. § 9-3-33. Also of note, even assuming that a tort action for conversion against Defendants could otherwise be brought in federal court, such an action would also be time-barred. See O.C.G.A. § 9-3-32 (four-year period of limitation for claims regarding theft or conversion of funds). Finally, even if Plaintiff's complaint could be construed as a tort claim for the recovery of wages, his action would still be untimely. See O.C.G.A. § 9-3-22 (two-year period of limitation for actions regarding recovery of wages). Simply put, the instant complaint is frivolous. Thus, even if Plaintiff's case were not subject to dismissal as a sanction for his dishonesty, his complaint would nevertheless be subject to *sua sponte* dismissal.

## II.    CONCLUSION

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history.   Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.). In the alternative, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** as frivolous.

SO REPORTED and RECOMMENDED this 15th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4